**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv-24064-LENARD/LOUIS

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

    Plaintiff,

vs.

PAC COMM, INC., a Florida corporation and
EMMANUEL E. PACIN, an individual,

    Defendants.

_____/

**NOTICE OF NON-FILING OF RESPONSE TO WRIT OF GARNISHMENT**
**AND MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff/Judgment Creditor/Garnishor, FRANKENMUTH MUTUAL INSURANCE COMPANY ("FMIC"), acting pursuant to Chapter 77 and other applicable *Florida Statutes*, hereby files this *Notice of Non-Filing of Response to Writ of Garnishment and Motion for Entry of Final Judgment*, and in support thereof states as follows:

    **A.**    **Entry of Final Judgment**

    1.    On February 16, 2021, this Court issued a *Writ of Garnishment* against Garnishee, WELLS FARGO BANK, N.A. ("WELLS FARGO") [**DE 99**].

    2.    On February 18, 2021, FMIC filed and mailed its *Notice and Certificate of Service Pursuant to Section 77.041(2), Fla.Stat.* upon each Defendant and their counsel, providing a copy of FMIC's *Verified Motion for Entry of Pre-Judgment Writs of Garnishment as to Actual Loss and Incorporated Memorandum of Law*; the executed *Writs of Garnishment*, and *Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property* (as applicable) [**DE 105**].

CASE NO.: 1:20-cv-24064-LENARD/LOUIS

3.	On February 25, 2021, Defendant, EMMANUEL E. PACIN, filed a *Claim of Exemption and Request for Hearing* [**DE 108 and DE 108-1**].

4.	On March 8, 2021, Garnishee, WELLS FARGO, filed its *Answer* to the *Writ of Garnishment* [**DE 110**].

5.	On March 11, 2021, FMIC filed its *Verified Objection to Defendant's, EMMANUEL E. PACIN, Garnishment Claim of Exemption and Request for Hearing* [**DE 114**].

6.	On March 11, 2021, FMIC issued its *Notice and Certificate of Service Pursuant to Section 77.055, Florida Statutes* [**DE 113**] upon each of the Defendants, notifying same that they had twenty (20) days in which to move to dissolve Plaintiff's *Writ of Garnishment*, and that in the absence of such efforts they would be defaulted.

7.	On March 19, 2021, the Court entered an *Order Granting [FMIC's] Motion for Preliminary Injunction to Compel Posting of Collateral* ("Collateral Order") [**DE 117**] requiring Defendants, PAC COMM, INC. and EMMANUEL E. PACIN, to post $2,067,939.81 in collateral by April 5, 2021 at 5:00 p.m.   To date, Defendants have not posted **any** collateral with FMIC.

8.	Pursuant to Section 77.07(2), *Fla.Stat.*, "The defendant . . . shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service . . . required by s. 77,055. . . .   Failure of the defendant or other interested person to timely file and serve the motion to dissolve within such time limitation shall result in the striking of the motion as an unauthorized nullity by the court, and the proceedings shall be in default posture as to the party involved."

9.	As of June 9, 2021, none of the Defendants/Judgment Debtors have moved to dissolve Plaintiff's *Writ of Garnishment* upon Garnishee, WELLS FARGO.

10. Pursuant to Section 77.07(2), *Fla.Stat.*, FMIC is entitled to the entry of a *Final Judgment*, awarding it all of the assets of the Defendants held by the Garnishee pursuant to the pending *Writ of Garnishment*, subject only to Defendant's, EMMANUEL E. PACIN, *Claim of Exemption*.

**B.    Entry of Break Order on Safe Deposit Box**

11. In its *Answer* to the *Writ of Garnishment*, WELLS FARGO indicated that it was holding assets of Defendant/Judgment Debtor, EMMANUEL ENRIQUE PACIN as contained in Safe Deposit Box #xxxx-xxxx-0225 (the "Safe Deposit Box").

12. Upon information and belief, Garnishee, WELLS FARGO, will not forcibly open, inventory and turn over the contents of the Safe Deposit Box without further *Order* of this Court.

13. It is unknown at this time what may be contained in the Safe Deposit Box maintained by the Judgment Debtor at WELLS FARGO, but such contents (if any) should be available to FMIC to satisfy the Judgment Debtor's outstanding financial obligations to FMIC as memorialized within the *Collateral Order*.

14. The contents of a safe deposit box should be treated no differently than the balance of a bank account, and under Section 77, *Fla. Stat.*, a garnishee can be held negligent by failing to protect the garnishor's lien and rights to funds and property of the debtor.  *Salcedo v. Wells Fargo Bank, N.A.*, 2017 WL 2664683, *3 (Fla. 3d DCA 2017).

15. Applicable case authority establishes the propriety of requiring a banking institution to: (a) open a safe deposit box; (b) inventory the contents thereof; (c) file an inventory; and (d) hold the contents thereof pending further order of Court in enforcement of injunctive relief and/or an outstanding financial judgment. *Id.* ("The service of the writ on [the Bank] thus (a) rendered the bank liable as garnishee for the tangible property in the safe deposit box under the

bank's control, and (b) created a statutory lien on that property"); *see also, e.g., Hogan v. Parker*, 2007 WL 604928 (S.D. Fla. 2007) (establishing propriety of opening safe deposit box, inventorying contents, file inventory, and holding contents pending further order of Court in enforcement of financial judgment); *F.T.C. v. U.S. Rarities, Inc.*, 1992 WL 696965 (S.D. Fla. 1992) (awarding injunctive relief including opening and inventorying safe deposit box). Further, Rule 1.570, *Fla.R.Civ.P.*, establishes that a Plaintiff shall be entitled to the assistance of the Court in enforcing a money judgment.

WHEREFORE, Plaintiff/Judgment Creditor/Garnishor, FMIC, respectfully requests that this Honorable Court enter an order providing the following relief under the instant *Motion*:

A. Render a determination on Defendant's, EMMANUEL E. PACIN's *Claim of Exemption*, and enter a *Final Judgment* in FMIC's favor and against the Defendants and the Garnishee, awarding FMIC all of the assets of the Defendants held by the Garnishee, WELLS FARGO, pursuant to the pending *Writ of Garnishment*;

B. Directing Garnishee, WELLS FARGO, to drill open the Safe Deposit Box #xxxx-xxxx-0225 maintained at its branch located at 4299 N.W. 36th Street, Miami Springs, Florida, in the name of Defendant, EMMANUEL ENRIQUE PACIN, and take an inventory of the contents;

C. Directing Garnishee, WELLS FARGO, to file and serve a detailed *Inventory* of the contents of the Safe Deposit Box, and retain possession/safeguard the contents of the safe deposit box pending further other of this Court;

D. Providing Judgment Debtors with ten (10) days following the filing of such *Inventory* to file a *Motion* with the Court seeking the distribution of any contents thereof to the Judgment Debtor, including in such motion the legal basis (if any) why such contents should not be turned over to FMIC;

CASE NO.: 1:20-cv-24064-LENARD/LOUIS

E. Providing FMIC with an opportunity to *Reply* to any such *Motion* establishing the Plaintiff's legal claim to the contents of the Safe Deposit Box;

F. Directing Garnishee, WELLS FARGO, to turn over to FMIC any contents of the Safe Deposit Box which <u>are not</u> timely objected to by the Judgment Debtor (which notice shall be provided to Garnishee, WELLS FARGO, by FMIC), and further directing Garnishee, WELLS FARGO, to retain possession of any contents of the Safe Deposit Box which <u>are</u> timely objected to by Judgment Debtors pending further order of this Court; and

G. Awarding FMIC such other and further relief as this Court deems necessary, just and proper.

**ETCHEVERRY HARRISON LLP**
Attorneys for FMIC
150 South Pine Island Road, Suite 105
Ft. Lauderdale, FL 33324
Phone: (954) 370-1681
Fax: (954) 370-1682
etcheverry@etchlaw.com
service@etchlaw.com

By: */s/ Steve Kerbel*
　　　Edward Etcheverry, Fla. Bar No.: 856517
　　　Steve Kerbel, Fla. Bar No.: 503541

CASE NO.: 1:20-cv-24064-LENARD/LOUIS

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 10, 2021, a true and correct copy of the foregoing was filed with the Clerk of the Court through CM/ECF. We also certify that the foregoing document is being served via US Mail on the following:

*Counsel for Defendants*

| | |
|---|---|
| William H. Pincus | Emmanuel Enrique Pacin |
| Raymond E. Kramer III | POD Manuel J. Pacin |
| Pincus & Currier, LLP | 2900 NW 39th Street |
| 1555 West Palm Beach Lakes Blvd. | Miami, FL 33142 |
| West Palm Beach, FL 33401 | |
| bpincus@pincusandcurrier.com | Pac Comm Inc. |
| rkramer@pincusandcurrier.com | P. O. Box 111957 |
| dmccall@pincusandcurrier.com | Hialeah, FL 33011-1957 |
| | |
| Emmanuel Enrique Pacin | Emmanuel Pacin |
| 2900 NW 39th Street | 16416 NE 32nd Avenue |
| Miami, FL 33142-5149 | North Miami Beach, FL 33160 |

Emmanuel Pacin
6039 Collins Avenue
Unit #1725
Miami Beach, FL 33140

By:   */s/ Steve Kerbel*
        Steve Kerbel, Esq.